THE EXCHANGE AND BANKING COMPANY OF NEW ORLEANS *v.*
HENRY BOYCE.

The certificate of a notary, that no note signed or endorsed by a particular person, was
protested by him within a certain period, is inadmissible. A notary can only certify
copies of proceedings in his office ; any other fact, within his knowledge, must be
disclosed under oath.

Where it clearly appears that defendant intended to authorize a third person to endorse
certain notes in his name, he will be bound by such endorsement, though the letter
of attorney were received by his agent after the endorsement. The authority, sub-
sequently received, would amount, at least, to a ratification of the act of the agent.

When the rate of interest to be charged by a Bank on loans or discounts, is limited
by its charter, it cannot stipulate for a higher rate on the amount of any loan or dis-
count, in consideration of its forbearance to sue.

Where a party resides at two places, alternately, being generally at one during one por-
tion of the year, and at the other during the rest, but goes frequently from one to the
other, notice of protest, directed to either, will be sufficient.

APPEAL from the District Court of Rapides, *King,* J.

MORPHY, J.   The defendant is sued as the endorser of three
notes for $533 34 each, drawn to his order by Lewis J. DeRussy,
dated at Natchitoches, the 14th of February, 1840, and payable
twelve months after date, at the office of the Exchange and Bank-
ing Company of New Orleans in Natchitoches, with interest at ten
per cent per annum, from maturity until paid.   He is also sued on
a note of $454 55, dated the 16th of May, 1840, payable forty-five
days after date, at the same place, and with the same interest from
maturity, as the three other notes.   The answer, after a general
denial, avers that, in the year 1839, the defendant and others did
each endorse three notes of $800 each, payable in one year, which
the Exchange and Banking Company of New Orleans agreed to
discount for Lewis G. DeRussy, the maker thereof, at their usual
rate of discount ; and that the Bank agreed, if he would pay up
one-third of that loan, that they would renew two-thirds of it, or
two of the notes, for one year longer ; and that if, at the end of that
time, one of the remaining notes should be paid, the Bank would
renew the other for one year more ; and that this was to be done
at their usual bank interest or discount.   The answer further al-
leges, that the defendant, being away from home, authorized Mich-
ael Boyce to renew the two remaining notes of $800 each, by en-

dorsing new notes, signed by Lewis G. DeRussy, with his (defendant's) name as endorser, in the event of DeRussy paying one note of $800 at maturity, according to the agreement; but that DeRussy did not do so, by reason whereof the security of the defendant against loss was diminished.   The defendant alleges that the remaining notes were not paid, nor protested at maturity, nor renewed in any manner when due; and that the Bank granted to De Russy an extention of time without his consent and knowledge, by reason of all which he is released and exonerated from all liability to the plaintiffs.   There was a judgment in the inferior court in favor of the latter on the three notes of $533 34 each, and against them as in case of nonsuit on that of $455 55; and the defendant has appealed.

On the trial, the defendant offered certificates of Williams, a notary public, and of Greneaux, the Parish Judge, both living in the town of Natchitoches, to prove that no protest had been made of any note of Henry Boyce, by either of them, during the month of February, 1840.   The plaintiffs opposed the introduction of these certificates, on the ground that they did not, of themselves, make evidence of the fact therein stated, and that the depositions of these functionaries should have been taken under a commission. We think that the judge decided correctly.   Notaries can only legally certify copies of proceedings in their offices; any other fact within their knowledge, must be disclosed under oath.   10 La. 59.

The appellant's counsel has contended that no authority has been shown from him to Michael Boyce, his brother, to endorse the notes sued on; that they purport to have been executed on the 14th of February, 1840, while the power of attorney produced appears to have been signed on the 13th, at New Orleans, and that, therefore, the endorsements were not made under this power, which could not have reached Natchitoches in one day.   From the power of attorney it is clear, that the defendant intended to authorize Michael Boyce to endorse the very notes sued on.   He describes them so as to leave no reasonable doubt on the subject.   If his brother endorsed these notes without waiting for the power, which, perhaps, he knew the defendant was to send him, the power afterwards received by him at Natchitoches, might, at least,

be considered, as a ratification of his act ; and the defendant cannot now be permitted to repudiate these endorsements, on the ground that they were unauthorized. But it appears to us that, as the evidence shows that the defendant was an accommodation endorser, and that these notes were given in renewal of other notes which bore interest at only seven per cent per annum, to which rate, on loans or discounts, the plaintiffs are restricted by their charter, they could not legally stipulate a higher rate of interest, for their forbearance to sue, on the delay of the parties to reimburse the funds thus advanced on this loan or discount.

It has, lastly, been contended, that the notices of the protest of these notes are insufficient, because they have been sent to Cotile, instead of Alexandria, the nearest post office to the defendant's residence. The record shows that the defendant has no fixed residence throughout the year, in any particular place. He has a plantation near Cotile, and in the summer season resides in the pine woods near it, while at other seasons of the year, he is said to reside on the bayou Rapides, four or five miles from Alexandria, where he receives his letters and papers. His plantation is about four miles from Cotile, and he visits it very frequently. Two witnesses, one a notary public, and the other the Parish Judge of Rapides, say that they consider it necessary to address notices of protest to the defendant at Cotile, and on bayou Rapides, it being doubtful at which of these places he actually resides ; while other witnesses consider his real residence to be at his plantation, or at his house in the pine woods, two or three miles from the post office at Cotile. All of them testify that he resides alternately at the house of Mrs. Archinard, his mother-in-law, on bayou Rapides, and at his place in the pine woods ; and that he is continually going from one place to the other, when not in New Orleans, where he frequently is during the winter. The evidence shows, moreover, that he was in New Orleans in February, 1841. Under these circumstances we believe that a notice at either place would be good.

It is, therefore ordered, that the judgment of the District Court be so amended as to bear interest only at seven per cent per annum, instead of ten, from the 14th of February, 1841, until paid ;

and that it be affirmed in all other respects. The costs of this appeal to be borne by the plaintiffs and appellees.

*Hyams*, for the plaintiffs.

*Flint*, for the appellant.