## No. 6511.

### HIBERNIA NATIONAL BANK OF NEW ORLEANS VS. M. WATSON.

If the endorser of a promissory note, when sued thereon, does not allege the misdirection of the notice of protest in his answer as a a defence so as to put the plaintiff on his guard, the case will be remanded, for *non constat* the plaintiff might have shewn that the post-office, to which the notice was sent, was the proper one, had the defendant put that at issue by his plea.

APPEAL from the District Court for St. James. FLAGG, J.

*Legendre & Poche* for Plaintiff. *Hunton* for Defendant Appellant.

MANNING, C. J. The defendant is sued as endorser of a promissory note, dated " New Gascony, Ark., April 15th, 1873," and judgment was rendered by confirming the default.

He alleges as ground for reversal that the evidence is insufficient to warrant the judgment in this :—

That the notary's certificate shews that the notice to the endorser was mailed to him at Donaldsonville, La. — that " there is no proof whatever to shew that Donaldsonville was the endorser's residence, or nearest post-office, or the place where he usually received his letters."

There is no proof whatever relative to the matter. The defendant's counsel informs us in his brief that his post-office is " Convent, St. James Parish " but that is not in evidence, and we do not regard

it.   He claims that it was the duty of the notary to have used due diligence to ascertain the residence of this endorser, and failing in that, to have sent the notice of protest to the place where, from the face of the note, it appears to have been made, and to certify accordingly.   Rev. Stat. of 1870, sect. 328.   The notary's certificate does not state the notice was sent to the post-office nearest the domicil of the endorser, but the post-office to which it was sent is named.   In that respect, it is precisely the case of Gas Bank *v.* Derha, 19 La. 460, where it was said the defendant had not denied in his answer that the notice was misdirected, for if he had, the plaintiff would have been put on his guard and might be able to shew that the office, to which the notice was sent, was the nearest to defendant, or the place where he usually received his letters.   At any rate, the defendant might have discharged himself by showing that there was a post-office nearer to him than the one to which the notice was sent, or one where he always received his mail, or the plaintiff might have shewn that the residence was at the two places alternately, and notice sent to either would have sufficed.   Exchange Bank *v.* Boyce, 3 Rob. 307.

We cannot affirm the judgment upon the evidence in the record, and we will not give the defendant a judgment, for *non constat* that the plaintiff would not have proved the post-office to have been the proper one, had the defendant put that at issue by a plea.   We shall remand the case.

*Judgment reversed and case remanded.*