No. 7869.

# 7869

Court of Appeal-Parish of Orleans.

Charles Walker--vs--Young Mens St. Michael Benevolent
Mutual Aid Association.

————————————

Dinkelspiel. J.

Dinkelspiel. J.

The plaintiff, in his capacity as tutor of his minor grand children, instituted suit in the Civil District Court for the Parish of Orleans against the defendant corporation, alleging that they were indebted to the minors in the full sum of $350.00., with 5% interest per annum from July 10th. 1914 until paid for this, to-wit;

That their father, Leon Dejan, was a member in good standing of defendant corporation during his life and continueing as such up to the time of his death; that he conformed to all the rules and by-laws of said association; paid all of the dues and assessments levied against him and therefore was entitled to all of the benefits paid by said association to the heirs or beneficiaries of it's deceased members after their im death.

That Dejan died in this City on 14th. July, 1914, while a member of defendant association in good standing leaving Leona, Hazel and Wilfred Dejan, his minor children, as his sole and only heirs at law.

That he is informed and beleives, that among the benefits paid by the said association to the heirs of it's deceased members is the sum of $60.00., which it allows and pays for the funeral of each member, and in the event that the funeral is not paid for by the association, it, under it's by-laws pays over the amount thereof to the heirs of the deceased member.

That the aforesaid association did not pay for the funeral of the deceased, Dejan, and therefore the aforesaid minors are entitled to recover $60.00., the amount of said funeral.

121

Plaintiff further alleges, that in addition to the funeral benefit, said association allows to the heirs or beneficiaries designated by it's deceased member, the d sum of fifty cents for each member of said association in good standing at the time of his death, and that plaintiff is informed and beleives that at tkima time of said Dejan's death there were 385 members in good standing, and that an assessment of fifty cents was levied against each of said members and collected by said association, and which plaintiff id entitled to recover.

Plaintiff further alleges, that said Dejan designated no beneficiarywith said association to whom the death benefit should be paid, so far as plaintiff knows, and that in the event it should occur that one has been designated, then plaintiff shows that the said designation of beneficiary is null, void and of no legal effect, because such designation has been made in violation of the public policy of the State, and secondly, because the person so designated was the concubine of the deceased to the knowledge of defendant's officers and mombers, and is incapable as such to receive any such benefit, because plaintiff is entitled to recover same for the benefit of the minors. Plaintiff prays for judgment accordingly.

An exception of no cause of action was filed, referred to the merits and subsequently an answer which alleges; admitting all the allegations of fact in the petition contained except the allegation that the minors, Leona. Hazel and Wilfred Dejan, are the children and sole and only heirs of Leon Dejan, which allegation is denied by defendant for want of sufficient information and beleif.

122

Answering paragraph 4 of the petition, defendant denies all the allegations therein contained and avers, that funeral benefits of deceased members are governed by Article 16, Section 33 , of it's by-laws, which reads;-

"The sum of fifty-five dollars with five dollars additional for the wake, will be allowed by the secretary for funeral expenses. Whenever the family of a deceased member shall have supervision of the funeral, the president of the releif committee will immediately after the death of said member inform them that the allowance for funeral expenses will be paid at it's earliest convenience".

Defendant alleges, that they have been informed and beleive, that the funeral of the deceased was not held under the supervision of the tutor of said minors, nor under the supervision of the minors, but on the contrary was held under the supervision of Mary Benjamin at her own home; that the said tutor and said minors have incurred no expense whatever on account of said funeral; that if defendant is indebted to anyone in the amount of said funeral benefit and wake, it is to Mary Benjamin, who has made a claim on defendant for the payment of same as the beneficiary designated by the deceased, as well as by virtue of the fact that the funeral was held under her supervision.

Defendant, further substantailly answering, quoting Section 34 of Article 16, " that it must be paid to the beneficiary of the deceased, and if a member fails to designate any person the association will not be responsible for the payment of said contribution". And again, defendant claims that said minors were never designated by the deceased with the association

as the persons to whom his death contribution should be paid, and that under Article 16- Section 34 of defendants by-laws, the minors have no rights whatever to any death contribution on the death of the deceased, but aver that the deceased, Dejan, designated Mary Benjamin, with defendant association, as the person to whom the death benefit of the deceased should be paid.

As to the allegation in said paragraph of the petition, that Mary Benjamin was the concubine of the deceased, defendant denies same for want of sufficient information upon which to form a beleif. Hence prays for judgment in it's favor.

Without attempting to quote litterally the testimony of the various witnesses in this case for it will accomplish no use or purpose, it is sufficient to say that it has been proven to our satisfaction beyond posibility of a doubt, that the deceased Dejan was the father of the minors and that plaintiff was their tutor; that the wife of Dejan died prior to his own death; that for years he lived with Mary Benjamin whom he introduced as his wife never having married her and she was, according to the record, his concubine, and the evidence satisfies us of this beyond a reasonable doubt.

The attempt of the association to screen Mary Benjamin, the concubine, is beyond it's power. The fact remains that she was the mistress of the deceased for years, had lived with him in open adultry and had been introduced to friends and acquaintances as his wife. Even the children of the deceased were at times admitted to the home of the deceased which was occupied by him and his concubine; that they occupied the same room and the same bed and lived together pretending to be what they were not.

124

This question has been frequently decided by our Supreme Court and by this Court. The law is plain and there can be no questioning of it.

In the case of Mrs. Odile Middleton vs. Metropolitan Life Insurance Co., to be found in the 7 Court of Appeal Reports at page 133, the syllabus read:-

" A man may not insure his life in favor of his concubine. If he do so it will be regarded as a donation and reduced to one tenth the amount of his estate. The balance remaining will be distributed as part of his succession.

" All Courts have authority to safeguard the interest of minors when the same are in jeopardy and the minors are unrepresented." Succession of Johnson, 115 La. 30. Life Insurance Co. vs. Neil, 114 La. 652.

In 14 Court of Appeal, 683. Mrs. Jena Thomas vs. Young Mens Magnolia Benevolent Association, the Syllabus reads:-
"Where the by-laws of a Mutual Benefit Society provide a death benefit for the wife of the deceased member, she acquires a right thereto by virtue of the by-laws; and where a member registers his concubine as his wife, it is froud upon the association which cannot benefit the concubine or prejudice the lawful wife."

And the Supreme Court of our State in the case of New York Life Insurance Co. vs. Neil et. al.
an/
" Could the assured divest himself of the amount, as he did, to invest it for the benefit of the payee named in the policy, is the question for our determination.

"No evidence proves that there was any contractual obligation between these parties, nor does it appear by testimony that she nursed or took care of the

insured, or that he was indebted to her. We do not consider that indebtedness by the assured to the asserted beneficiary.is in this case, as it is not stated in the pleading that she had any claim against him, nor made to appear by testimony.

"On the face of the papers, the insurance was gratuitous. We are not warranted in concluding that the insurance had anything about it in the nature of an onerous donation. It was a donation pure and simple, made under the form of insurance.

"Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vivos or mortis causa, any donation of immovables; and if they make a donation of movables, it can not exceed one tenth part of the whole value of their estate."

"Those who afterwards marry are excepted from this rule." C. C. Art. 1481.

At page 656 the Court goes on to say: " "e are then to view the contract as covering a gift. The article of the Code cited supra prohibits such gifts for the 'sake of public order or good morals" CIv. Code, Art. 11. And whatever is done in contravention of such a prohibitory law is void."

In the case of Ezelia Richardson Widow of Le Bray vs. District Grand Lodge No. 21, Grand United Order of Odd Fellows, this Court held: "The measure of power vested in the Board of Directors of defendant company is determined by its charter and by-laws, and the Board's action in excess thereof is not binding upon the corporation." 8 La. 261. 3 Rob. 307. 3 Ann. 314. 8 Ann. 380. 52 Ann. 1822. 29 Cyc. 108, in relation to mutual benefit insurance; "Where the classes of persons to whom benefits may be paid

prescribed by statute or by the society's charter of incorporation, neither the society, nor a member, nor the two combined, can divert the funds from the class es prescribed; the society had not power to issue a certificate payable to a person not belonging to one of those classes, and the designation of a person thus ineligable as a beneficiary is nugatory.

"Independently of the articles of the constitution of the order it has been decided that where a beneficiary is outside of the classes eligable as beneficiaries, the members who are within such classes are entitled to the insurance." Citing a great many authorities.

We are therefore of the opinion, that both in law and morals, the tutor, *Charles Walker* the plaintiff in this case in behalf of his minors *grandchildren* is entitled to the full amount of his claim as prayed for, and that the defendant association is compelled to pay him in full the sum of $850.00. with 5% interest from 10th. July 1914 until paid and all costs of both Courts.

Judgment of the lower Court is reversed and judgment rendered accordingly.

—Judgment Reversed—